UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YOEL ANTONIO GIL FIGUEROA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:26-cv-00047-JPH-MJD |
| ) | |
| BRISON SWEARINGEN, ) | |
| SAMUEL OLSON, ) | |
| TODD M. LYONS, ) | |
| KRISTI NOEM, ) | |
| PAM BONDI, ) | |
| ) | |
| Respondents. ) | |

**ORDER ENFORCING COURT ORDER AND DIRECTING IMMEDIATE RELEASE**

Yoel Antonio Gil Figueroa seeks a writ of habeas corpus ordering his release from U.S. Immigration and Customs Enforcement ("ICE") detention. Dkt. 1. On February 4, 2026, the Court granted Mr. Gil Figueroa's petition to the extent that it ordered Respondents to file documentation with the Court showing that an official authorized under 8 C.F.R. § 1236.1(c)(9) took the necessary steps to revoke Mr. Gil Figueroa's Order of Release on Recognizance as prescribed by 8 U.S.C. § 1226 and 8 C.F.R. § 1236.1. Dkt. 11. The Court further ordered that "[i]f Respondents are unable to promptly take such action, they are ordered to release him from detention, subject to the most recent order of release." *Id.* at 16.

On February 6, Respondents filed documents showing that a Supervisory Detention and Deportation Officer ("SDDO") assigned to the Chicago Field Office, Joseph Canella, officially revoked Mr. Gil Figueroa's Order of Release. Dkt. 12;

1

dkt. 12-1. Mr. Gil Figueroa responded that an SDDO is not an official authorized to revoke his Order of Release according to 8 C.F.R. § 1236.1(c)(9). Dkt. 13 at 2. For the reasons explained below, Respondents have not shown that SDDO Canella is an official who was authorized to revoke Mr. Gil Figueroa's order of release and therefore **ORDERS** Respondents to **release Mr. Gil Figueroa, subject to the most recent order of release, by 5:00 p.m. on February 21, 2026**.

### I.     Factual Background and Relevant Regulations

When Mr. Gil Figueroa initially entered the United States in October of 2022, federal immigration agents arrested him and then released him on a 60-day parole. Dkt. 6-1 at 1–6 (ERO Narrative). When Mr. Gil Figueroa's parole expired, federal agents arrested him again on December 2, 2022 and issued an Order of Release on Recognizance (Form I-220A) pursuant to 8 U.S.C. § 1226. *Id.* at 12–18.

On January 21, 2026, federal agents arrested Mr. Gil Figueroa without officially revoking his release according to the regulations set forth in 8 C.F.R. § 1236.1(c)(9). *See* dkt. 11.

8 U.S.C. § 1226(b) provides that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."

Section 1236.1(c)(9) then provides:

> When an alien, who having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention

2

and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and cancelled.

8 C.F.R. § 1236.1(c)(9); *see also* 8 C.F.R. § 236.1(c)(9). By identifying specific designated officials who are authorized to revoke an alien's Order of Release on Recognizance, the regulations therefore limit who is authorized to exercise discretion to revoke release.

## II. The Revocation of Mr. Gil Figueroa's Order of Release on Recognizance

SDDO Canella declared that, upon reviewing the Court's Order from February 4, he formally revoked Mr. Gil Figueroa's Order of Release on Recognizance from December 2, 2022. Dkt. 12-1 ¶ 7. Then, in a memorandum dated February 3, an ICE officer documented that

> ICE cancelled the most current Order of Release on Recognizance (Form I-220A) issued to [Mr. Gil Figueroa] for the reasons stated in Form dated January 21, 2026. This memo has been created because the I-220A is not immediately available to complete and serves as notice of cancellation on the date listed below in lieu of completing the cancellation portion of the form itself.

Dkt. 12-2.

Mr. Gil Figueroa objected to the notice on the grounds that the SDDO is not an official empowered and authorized by § 1236.1(c)(9) to revoke an alien's release. Dkt. 13. Under the *Accardi* doctrine, agencies of the federal government are required to follow their own regulations. Indeed, "courts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests." *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002); *see also United States ex rel. Accardi v. Shaughnessy,* 347 U.S.

3

260, 267–68 (1954) ("We think the petition for habeas corpus charges the Attorney General with precisely what the regulations forbid him to do: dictating the Board's decision. [W]e object to the Board's alleged failure to exercise its own discretion, contrary to existing valid regulations."). ICE is "required to follow [its] own regulations . . . including those that govern exercises of an agency's discretion." *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021). Applied to this context, that means that only officials designated by 8 C.F.R. § 1236.1(c)(9) are authorized to revoke an order of release.

Respondents do not argue otherwise, nor do they establish that SDDO is an authorized official under 8 C.F.R. § 1236.1(c)(9). Instead, they imply that SDDO Canella is an "officer in charge" by citing this language in their Notice. *See* dkt. 12 (" . . . showing that an official authorized under 8 C.F.R. § 1236.1(c)(9) has taken necessary steps to revoke Mr. Gil Figueroa's Order of Release on Recognizance as prescribed by 8 U.S.C. § 1226 and 8 C.F.R. § 1236.1 (authorizing revocation "at any time in the discretion of the . . . officer in charge")). However, SDDO Canella does not state in his declaration that he is an "officer in charge" and Respondents have not shown that an SDDO is an "officer in charge" or other designated official in 8 C.F.R. § 1236.1(c)(9).

The Court's own research did not reveal that an SDDO is an "officer in charge" for the purposes of 8 C.F.R. § 1236.1(c)(9). "Officer in charge" is not defined in the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101. Also, federal regulations governing the authority of the Secretary of Homeland Security do not designate an SDDO as having authority to revoke an Order of Release.

4

*See* 8 C.F.R. § 2.1. In *Ebu v. Tindall*, the government argued that an SDDO was delegated revocation authority in a July 2019 memorandum that delegated "certain detention and removal authority" to SDDOs. 2026 WL 252899, *4 (W.D. Ky. Jan. 30, 2026). While the delegation of authority at issue there is not before the Court in this case, the district court in *Ebu* found that the memorandum "notably omits any mention of revocation." *Id.*

In contrast, other courts have granted habeas petitions similar to Mr. Gil Figueroa's after the government failed to show that an SDDO was authorized under 8 C.F.R. § 1236.1(c)(9) or § 236.1(c)(9) to revoke an Order of Release on Recognizance. *See Singh v. English et al.*, 2026 WL 456716, *3–4 (N.D. Ind. Feb. 18, 2026); *Mejia Diaz v. Noem*, 2025 WL 3640419, at *8 (N.D. Ind. Dec. 16, 2025); *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *4 (W.D. Wash. Oct. 7, 2025); *but see Salvador F.-G. v. Noem*, 2025 WL 1669356, *8 (N.D. Okla. June 12, 2025) (finding that § 1236.1(c)(9) clearly allows a "District Director" to revoke an order of release).

In sum, the record does not show that SDDO Canella had the authority to revoke Mr. Gil Figueroa's Order of Release. While § 1226(b) and § 1236.1(c)(9) clearly permit the government to revoke Mr. Gil Figueroa's release, it's equally clear that only certain officials designated in the regulations are authorized to exercise the discretion to revoke. Here, Respondents have not shown that SDDO Canella, the official who revoked Mr. Gil Figueroa's release, was authorized to make that decision. *See Mejia Diaz*, 2025 WL 3640419, at *8 (citing *United States*

*v. Gemmill*, 535 F.2d 1145, 1152 (9th Cir. 1976) (noting only listed officials may exercise revocation authority)).

### III. Conclusion

The Court ordered Respondents to file documentation with the Court showing that an official authorized under 8 C.F.R. § 1236.1(c)(9) took the necessary steps to revoke Mr. Gil Figueroa's Order of Release on Recognizance as prescribed by 8 U.S.C. § 1226 and 8 C.F.R. § 1236.1. Dkt. 11. The documents that Respondents supplied in response do not show that those decisions were made by an authorized official.

For the reasons discussed above and the Court's previous order, dkt. 11, the Respondents' revocation of Mr. Gil Figueroa's Order of Release on Recognizance is contrary to law and must be set aside. 5 U.S.C. § 706(2). Therefore, the Court enforces its previous Order and **ORDERS** Respondents to **release Mr. Gil Figueroa, subject to the most recent order of release, by 5:00 p.m. on February 21, 2026**.

The Court further **ORDERS** Respondents to **file no later than 5:00 p.m. on February 22, 2026**, a certification that Mr. Gil Figueroa has been released from detention subject to his most recent order of release. The **clerk is directed** to enter **final judgment** consistent with this order and the Court's previous order.

**SO ORDERED.**

Date: 2/19/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Afshan Jabeen Khan
Law Office of Afshan J Khan
ajkhanesq@gmail.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov